UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MCKINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>LAND O'LAKES INC.,<br><br>    Defendant. | No. 1:23-cv-01304-KES-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Doc. 39) |

This action is set for trial on plaintiff Kimberly McKinney's California Fair Employment and Housing Act ("FEHA") claims for (1) wrongful termination, (2) failure to accommodate, (3) failure to engage in the interactive process, and (4) retaliation and failure to prevent retaliation; and McKinney's claim for (5) wrongful termination and retaliation in violation of public policy (Labor Code § 1102.5). *See* Doc. 38. McKinney moves for leave to file a first amended complaint to add factual allegations that occurred after the filing of the complaint. Doc. 39. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). The Court has considered the parties' briefs, and for the reasons explained below, McKinney's motion for leave to file a first amended complaint (Doc. 39) is denied.

**I.    BACKGROUND**

On July 27, 2023, McKinney filed a complaint asserting state law claims for: (1) Wrongful Termination in Violation of Public Policy (Government Code § 12940 *et seq.*);

1  (2) Discrimination Based upon Disability/Perceived Disability (Government Code § 12940 *et*
2  *seq.*); (3) Failure to Accommodate (Government Code § 12940(k),(m)); (4) Failure to Engage in
3  the Interactive Process (Government Code § 12926.1(e)); (5) Retaliation (Government Code
4  § 12940 *et seq.*); (6) Failure to Take All Reasonable Steps to Prevent Discrimination and
5  Retaliation (Government Code § 12940 *et seq.*); (7) Wrongful Termination/Retaliation in
6  Violation of Public Policy (Labor Code § 1102.5 *et seq.*, § 6310); and (8) Intentional Infliction of
7  Emotional Distress.  Doc. 1-3 ("Compl.").  In her complaint, McKinney alleges that Land
8  O'Lakes retaliated against her when it placed her on leave on or about May 24, 2023, and violated
9  several provisions of FEHA and Labor Code Section 1102.5.  *Id.*
10        On November 30, 2023, the Court issued a Case Management and Scheduling Order,
11  which set a deadline of March 1, 2024 for the parties to move to amend the pleadings.  Doc. 8.
12  The parties thereafter moved to extend certain case management deadlines, which the Court
13  granted, but the parties did not seek or obtain any extension of the March 1, 2024 deadline to
14  move to amend the pleadings.  *See* Docs. 13-16.  The Court's August 7, 2024 order extending
15  other deadlines noted:  "The remaining dates and procedures set forth in the November 30, 2023
16  Case Management and Scheduling Order (Doc. No. 8) otherwise shall govern this action."
17  Doc. 14.  On November 14, 2024, the Court granted the parties' stipulated request for referral to
18  the Voluntary Dispute Resolution Program ("VDRP") and stayed this action pending the
19  completion of the VDRP or further order of the Court.  Doc. 18.
20        While this action was stayed, Land O'Lakes filed a motion for summary judgment on
21  March 14, 2025.  Doc. 22.  As the case was stayed, the Court issued an order for the parties to
22  submit a joint status report regarding the VDRP status.  Doc. 23.  In their joint status report filed
23  March 24, 2025, the parties requested that the Court set a briefing schedule for the motion for
24  summary judgment to allow the parties time to conclude the VDRP and requested that the Court
25  modify the *remaining* case scheduling deadlines.  Doc. 24 (emphasis added).  By that time, the
26  deadline to move to amend the pleadings had long since expired.  The Court set a briefing a
27  schedule for the motion for summary judgment and indicated that the parties could request a
28  modification of the scheduling order upon the conclusion of the VDRP.  Doc. 25.  On April 14,

1    2025, a notice of completion of VDRP was filed indicating that the VDRP had concluded.

2         On May 13, 2025, the parties filed a stipulation to modify the scheduling order and
3    continue trial, requesting that the Court grant the parties additional time to conduct discovery and
4    that the pretrial conference and trial dates be continued. Doc. 27. The parties did not request to
5    reopen the deadline to move to amend the pleadings. *See id.* On May 16, 2025, the Court granted
6    the stipulation extending the remaining pretrial deadlines in the case management order. Doc. 30.
7    The parties filed an additional stipulation on July 2, 2025 to extend the discovery deadline, which
8    was also granted. Docs. 35, 42.

9         On May 16, 2025, McKinney filed her opposition to the motion for summary judgment.
10   McKinney's opposition included certain allegations that are the subject of McKinney's proposed
11   amended complaint. *See* Doc. 29. Specifically, McKinney alleged that, after being awarded a lab
12   technician position in 2024, Land O'Lakes placed her on leave on December 2024 despite
13   McKinney having worked at the position for several months. *Id.* In its reply in support of its
14   motion for summary judgment, Land O'Lakes objected to McKinney's attempt to introduce legal
15   theories and allegations outside the scope of the complaint. *See* Docs. 31, 32. Defendant's
16   counsel, Robert Sarkisian, filed a declaration in support of Land O'Lakes reply indicating that
17   McKinney had not, at any time prior to the filing of the opposition, disclosed the December 2024
18   allegations to defendant's counsel. Doc. 31-1. On July 15, 2025, Land O'Lakes conducted a
19   second deposition of McKinney for the purpose of questioning McKinney regarding events that
20   occurred after the filing of the original complaint. Doc. 39-1 at 4; Doc. 39-2 at 3 ¶ 12.

21        On September 3, 2025, the Court granted in part and denied in part Land O'Lakes' motion
22   for summary judgment. Doc. 38. The Court declined to consider McKinney's allegations that
23   she was placed on leave in December 2024, because those allegations were well outside the
24   period at issue in the complaint and McKinney had asserted them for the first time in her
25   opposition to the motion for summary judgment. Doc. 38 at 6-7. Following the ruling on Land
26   O'Lakes motion for summary judgment, McKinney moved for leave to amend her complaint on
27   September 12, 2025. Doc. 39. The parties submitted their joint pretrial statement three days later
28   and the Court held the pretrial conference on September 18, 2025. *See* Docs. 41, 43. The Court

1 issued a tentative pretrial order on September 19, 2025, which became final when no party

2 objected to it by October 3, 2025. Doc. 44. The pretrial order provides in the section regarding

3 "Amendments/Dismissals":

4
5
6
7
> The pleadings are settled. However, pursuant to Federal Rules of Civil Procedure, Rule 15(b), Plaintiff reserves the right to move to amend the pleadings at trial to conform them to the evidence and to raise an unpleaded issue. Defendant strongly opposes any such motion given the close proximity to trial and the lack of any excuse for such extreme, prejudicial delay. On September 12, 2025, plaintiff filed a motion for leave to file a first amended complaint.

8 Doc. 44 at 15.

9 McKinney's motion for leave to amend is now fully briefed. Doc. 45, 46.

10 **II.   LEGAL STANDARD**

11 Federal Rule of Civil Procedure 16(b) requires the court to issue a scheduling order setting

12 forth various deadlines, including a deadline by which the parties must seek leave to amend their

13 pleadings. After the deadline to amend the pleadings has passed, Rule16(b) governs a party's

14 attempt to amend its pleading. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir.

15 2023); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under

16 Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's

17 consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard primarily considers the diligence

18 of the party seeking the amendment. *Kamal*, 88 F.4th at 1277 (internal quotation marks and

19 citation removed). "Although the existence or degree of prejudice to the party opposing the

20 modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

21 the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. A lack of

22 diligence ends the inquiry. *Id.*

23 A party seeking to amend its pleading must satisfy the requirements of Rule 15(a), but

24 "[a] court's evaluation of good cause [under Rule 16(b)] is not coextensive with an inquiry into

25 the propriety of the amendment under ... Rule 15." *Id.* (internal quotation marks and citation

26 omitted). Under Rule 15, leave to amend should be "freely given as justice so requires." Fed. R.

27 Civ. P. 15(a). Although Rule 15 should be granted with extreme liberality, leave to amend is not

28 to be granted automatically. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716,

738 (9th Cir. 2013). Courts consider five factors when assessing whether to allow a party leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Id.*

### III. ANALYSIS

McKinney seeks leave to amend and supplement her complaint with factual allegations of events that occurred after the filing of the complaint. *See* Doc. 39. Specifically, McKinney seeks to add allegations that, after McKinney worked as a laboratory technician for several months in 2024, Land O'Lakes again placed McKinney on unpaid leave on or about December 6, 2024. *See* Doc. 39-2 ¶¶ 8-10. Through her proposed amended complaint, McKinney also seeks to revive certain claims the Court dismissed on summary judgment, for disability discrimination, failure to take reasonable steps to prevent discrimination, and intentional infliction of emotional distress. *See* Doc. 39-2 ¶¶ 42-54, 91-101, 118-128.

As the deadline to amend the pleadings has passed, McKinney must show "good cause" under Rule 16(b) to modify the scheduling order. *See Johnson*, 975 F.2d at 607-08. Whether a party acted with diligence is generally determined by examining the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

McKinney has failed to demonstrate good cause to amend and supplement her complaint. Although McKinney argues that she acted diligently by seeking leave to amend her complaint immediately after the Court issued its ruling on Land O'Lakes' motion for summary judgment, Doc. 39-1 at 5-6, McKinney does not provide an adequate explanation for why she did not seek to amend and supplement her complaint earlier in the case. The order on the motion for summary judgment was issued more nine months after the December 2024 events took place, and McKinney was aware of those events at the time they occurred. McKinney argues that amendment was not feasible during the stay of the case while the parties participated in the VDRP, but the parties' VDRP process concluded in April 2025, nearly five months before

5

McKinney filed her motion to amend her complaint. The parties sought and received two extensions of time to conduct discovery after the VDRP concluded, but at no point did McKinney indicate that she needed modify the scheduling order to amend and supplement her complaint.

McKinney's argument that she first learned that Land O'Lakes objected to the inclusion of the new allegations in reviewing Land O'Lakes' reply in support of its motion for summary judgment, Doc. 39-1 at 5-6, is also unpersuasive. McKinney provides no explanation for why she believed that her initial complaint could possibly have been construed to include new allegations that occurred over a year after the filing of the complaint. In support of Land O' Lakes' reply to the motion for summary judgment, defendant's counsel submitted a declaration indicating that McKinney had not, at any time prior to the filing of her opposition to summary judgment, disclosed the December 2024 allegations to defendant's counsel. Doc. 31-1. Moreover, since at least May 30, 2025, McKinney was aware that Land O'Lakes objected to the inclusion of the new allegations she now seeks to add to her complaint. *See* Docs. 31, 32. Nonetheless, McKinney did not seek leave to amend or supplement her complaint at that time. McKinney argues that she reasonably waited for the Court to adjudicate the motion for summary judgment, but she provides no reasonable explanation for failing to seek leave to amend the complaint earlier, even after having become aware that Land O'Lakes objected to the inclusion of the additional factual allegations.

McKinney has failed to demonstrate good cause to amend and supplement her complaint. *See Johnson*, 975 F.2d 609-610 (district court did not abuse its discretion when it denied a motion to amend complaint that was made four months after the deadline to file an amended complaint expired); *Schwerdt v. Int'l Fid. Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (plaintiff was not diligent under Rule 16 when plaintiff waited over three months to seek leave to amend).

Moreover, the Court finds that Land O'Lakes would be prejudiced if McKinney were allowed to amend and supplement her complaint. If McKinney were allowed to amend her complaint now, discovery would need to be reopened even though the final pretrial order has issued. While the parties disagree about the extent of additional discovery that would be needed,

6

Land O'Lakes would also either be deprived of an opportunity to raise the sufficiency of the new allegations in a dispositive motion or, if the motion deadlines were also reopened, the trial and resolution of this case would be further delayed. This prejudice to Land O'Lakes, although not required under Rule 16(b), provides an additional reason for denying McKinney's motion. *See Coleman*, 232 F.3d at 1295.

As McKinney fails to demonstrate good cause under Rule 16 to amend and supplement her complaint, the Court does not reach whether McKinney's proposed amended complaint satisfies the requirements of Rule 15.

## IV. CONCLUSION

For the foregoing reasons:

1. The hearing on McKinney's motion for leave to file an amend complaint set for October 20, 2025 is vacated; and

2. McKinney's motion for leave to file an amended complaint (Doc. 39) is denied.

IT IS SO ORDERED.

Dated:   October 15, 2025

_____
UNITED STATES DISTRICT JUDGE